[No. A040162. First Dist., Div. One. June 8, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ANDRE JOHNSON, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

## COUNSEL

Mark L. Webb and Owen Mayer for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEIN, J.**—Andre Johnson appeals from a judgment of conviction of one count of possession of cocaine for sale (Health & Saf. Code, § 11351.5). The jury also found true an allegation under Penal Code section 1203.073, subdivision (b)(5), which restricted appellant's eligibility for probation. After denying appellant's motion for a new trial, the court denied probation, sentenced appellant to the lower base term of three years, and set bail pending appeal.

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

I.

■   Appellant contends that the court erred in permitting the prosecution to impeach Mr. Walters with evidence allegedly obtained in an illegal search.

On direct examination, defense counsel asked Mr. Walters, "You're not involved in purchases or sales of drugs out there, are you?" Mr. Walters responded that he was not. Prior to the cross-examination of Mr. Walters, the court held a conference outside of the jury's presence to address appellant's objections to the prosecution's proposed use of Mr. Walters's recent arrest for possession of a pipe containing cocaine residue. Based on the police report, the court opined that the search of Mr. Walters's house may have been illegal. Nonetheless, the court ruled that evidence of possession of the pipe was relevant for purposes of impeachment and that it was admissible even if the warrantless search of Mr. Walters's home was illegal. On cross-examination the prosecutor reminded Mr. Walters of his response to the question on direct. He then asked Mr. Walters if he had ever possessed cocaine. When he stated that he had not, the prosecutor impeached him with evidence that he had been arrested for possession of a pipe containing cocaine residue.

Appellant's characterization of Mr. Walters's testimony on direct as only placing in issue whether he had *sold* cocaine, is an overly narrow interpretation of the direct examination. The question Mr. Walters was asked was whether he was "*involved* in the *purchases* or sale of drugs." Thus, evidence that he had possessed a pipe containing cocaine residue was relevant because it could support an inference that he was "involved with the purchases . . . of drugs" even if he had not personally purchased the cocaine. Indeed, the prosecutor clarified any ambiguity by following up Mr. Walters's general denial of any involvement with the purchase or sale of cocaine by asking specifically if he had ever possessed it.[1]

---

* See footnote, *ante,* page 392.

[1] This situation should be carefully distinguished from one in which there is no testimony on direct or cross, opening the door to impeachment. In that case it would clearly be impermissible for the prosecutor to ask a broad question eliciting a denial and then impeach the defendant with illegally obtained evidence. (See, e.g., *United States* v. *Havens* (1980) 446 U.S. 620 [64 L.Ed.2d 559, 100 S.Ct. 1912].)

In support of his primary contention that evidence that was the fruit of an illegal search of Mr. Walters's residence was inadmissible for purposes of impeaching him, appellant relies on *People* v. *Disbrow* (1976) 16 Cal.3d 101 [127 Cal.Rptr. 360, 545 P.2d 272] and *People* v. *Rucker* (1980) 26 Cal.3d 368 [162 Cal.Rptr. 13, 605 P.2d 843]. In *People* v. *May* (1988) 44 Cal.3d 309 [243 Cal.Rptr. 369, 748 P.2d 307], however, the court held that, for cases arising after the effective date of Proposition 8, the federal rule announced in *Harris* v. *New York* (1971) 401 U.S. 222 [28 L.Ed.2d 1, 91 S.Ct. 643] would control. (*People* v. *May, supra,* 44 Cal.3d at p. 319.) In *Harris,* the court held that a defendant may be impeached by statements obtained in violation of his *Miranda* rights (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed. 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]).

Neither *May* nor *Harris* addresses the particular issue presented here, i.e., may evidence obtained in violation of the Fourth Amendment be used to impeach a witness? However, the court in *Harris* relied on *Walder* v. *United States* (1954) 347 U.S. 62 [98 L.Ed. 503, 74 S.Ct. 354], which specifically held that it is permissible to impeach a defendant with evidence obtained in an illegal search. (*Id.* at pp. 64-65 [98 L.Ed.2d at pp. 506-507].) "It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which the evidence . . . was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths. Such an extension of the *Weeks* [v. *United States* (1914) 232 U.S. 383 (58 L.Ed. 652, 34 S.Ct. 341)] doctrine would be a perversion of the Fourth Amendment." (*Id.* at p. 65 [98 L.Ed. at p. 507].)

The court reaffirmed *Harris* and *Walder* in *United States* v. *Havens, supra,* 446 U.S. 620, 624-625 [64 L.Ed.2d 559, 564], and expanded the permissible use of illegally obtained evidence. The court in *Havens* held that illegally obtained evidence may be used on cross-examination to impeach a statement made on cross, provided the cross-examination is reasonably related to the direct examination. (*Id.,* at pp. 624-629 [64 L.Ed.2d at pp. 564-567].) Thus, in this case even if Mr. Walters's statement on direct did not unequivocally place in issue whether he had ever possessed a pipe containing cocaine residue, the question on cross-examination inquiring whether he had ever possessed cocaine clearly did. Because that question was reasonably related to Mr. Walters's denial on direct of any involvement in the purchase or sale of drugs, the impeachment was proper under *Walder* and *Havens*.[2]

---

[2] Appellant's reliance on *United States* v. *Hinckley* (D.C. Cir. 1982) 672 F.2d 115, 133-134 [217 App.D.C. 262], disapproved on other grounds by *Hudson* v. *Palmer* (1984) 468 U.S. 517 [82 L.Ed.2d 393, 104 S.Ct. 3194], is misplaced. The court in *Hinckley* held only that the government may not use evidence obtained in violation of the defendant's constitutional rights in

■ It is well established that federal law controls in determining whether evidence is excludable because it was obtained in violation of the Fourth Amendment. (*In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744].) ■ We therefore conclude that it was permissible for the prosecutor to impeach Mr. Walters with evidence that he had possessed a pipe containing cocaine residue, despite the court's recognition of the fact that the evidence was obtained by an illegal search.

## II.

. . . . . . . . . . . . . . . . . . . . .*

## CONCLUSION

The judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 23, 1989.

---

order to rebut the substantive testimony of an expert witness as to an insanity defense. Thus, *Hinckley* prohibited an attempt by the government to use illegally obtained evidence *affirmatively* to challenge the substance of a defense witness's testimony. By contrast, here the prosecution sought to use the evidence only for purposes of impeachment.

*See footnote, *ante,* page 392.